JAMES C. ZINGARO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zingaro v. Commissioner
Docket No. 12309-82.
United States Tax Court
T.C. Memo 1983-716; 1983 Tax Ct. Memo LEXIS 68; 47 T.C.M. (CCH) 494; T.C.M. (RIA) 83716; December 1, 1983. *68 James C. Zingaro, pro se. Donna J. Pankowski, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined a deficiency in petitioner's calendar year 1979 income tax in the amount of $6,894. The also issue which we must decide is the propriety of respondent's action in disallowing a $26,000 deduction claimed by petitioner on account of alleged gambling losses in that year. At the time of filing his petition herein, petitioner resided in New Castle, Pennsylvania. He filed a Federal income tax return for the calendar year 1979. Petitioner was unemployed at all times during the taxable year 1979. In his return for that year, the sole gross income reported was from gambling winnings on horseraces, in the amount of $160,006. On that same return, petitioner reported and claimed itemized deductions for his gambling losses on horseraces in the amount of $149,200. Upon audit, respondent allowed $123,200 of the claimed gambling losses, and disallowed the balance of $26,000, for failure of petitioner to substantiate such additional amount. The burden of proof to establish the claimed additional $26,000 of gambling losses was upon *69 the petitioner. . At trial, petitioner claimed that he had betting slips or tickets to support the claimed amount of his losses, but no such items were put in evidence. A schedule was introduced in evidence, purporting to show losses, wins, and the net difference, on a daily and monthly basis. The daily losses and wins were aggregated into single figures, without regard to the number of races on which petitioner bet. Petitioner testified that he prepared these schedules on a weekly basis, but offered nothing to substantiate their accuracy. Indeed, in one case respondent demonstrated that the schedule was in error, in that for March 3, 1979, petitioner's schedule showed losses of $667 and no wins, whereas the form W-2G issued by the racetrack at which petitioner bet, showed him with gross winnings of $1,029.60, and net winnings of $823.60. Petitioner admitted that there could be errors in his schedules. Nothing else appearing, we must hold that petitioner has failed to bear his burden of proof to show error in respondent's determination. Decision will be entered for the respondent.